IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERA ANN HARRIS,

        Plaintiff,

v.

JUSTICE CENTER MULTNOMAH
COUNTY JAIL, et al.

        Defendants.

Civ. No. 3:22-cv-1739-MC

ORDER

**MCSHANE, Judge**:

    Plaintiff, proceeding *pro se*, seeks a preliminary injunction, ECF No. 7, ordering Defendants to take certain actions with respect to Plaintiff's medical needs. A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

    The Court agrees with Judge Kasubhai's Orders, ECF Nos. 9, 14, pointing out the deficiencies in Plaintiff's complaints and demonstrating why Plaintiff fails to state a claim.

1 – OPINION AND ORDER

Because Plaintiff fails to state a valid claim for relief, she fails to establish any likelihood of success on the merits and her motion for a injunctive relief, ECF No. 7, is DENIED.

IT IS SO ORDERED.

    DATED this 18th day of May, 2023.

                                          _____/s/ Michael McShane_____
                                                **Michael J. McShane**
                                          **United States District Judge**