JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Christopher A. Gilmore, OSB No. 980570
Senior Assistant County Attorney
Multnomah County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail: chris.gilmore@multco.us
   *Of Attorneys for Defendants Justice Center*
   *Multnomah County Jail, Deputy Plock,*
   *Deputy Reid, Sgt. Taylor, Sgt. Fernley,*
   *Sgt. Sacirovic, Counselor Drake,*
   *Multnomah County Health Department*
   *and Deputy Jones*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| TERA ANN HARRIS,<br><br>                              Plaintiff,<br><br>         v.<br><br>JUSTICE CENTER MULTNOMAH COUNTY JAIL, SHERIFFS OFFICE, MULTNOMAH COUNTY, SHERIFF'S OFFICE ET AL,<br><br>                              Defendants. | Civil Case No. 3:22-cv-01739-MK<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

For Answer to Plaintiff's *Complaint*, defendants Justice Center Multnomah County Jail,

Deputy Polk (Deputy Plock), Deputy Reid, Sgt. Taylor, Sgt. Fertanaly (Sergeant Fernley), Sgt.

Sakirivench (Sergeant Sacirovic), Deputy Drake Counselor (Counselor Drake), Multnomah

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
            COMPLAINT

County Health Department of Corrections Health and Deputy Jones (Female) (Deputy Jones) (hereinafter "Defendants"), admit, deny and allege as follows:

1.

As to the named parties, Defendants admit except to the extent the "Justice Center Multnomah County Detention Center" is not a known entity independent of the Multnomah County Sheriff's Office.

2.

Defendants admit this Court has jurisdiction over the federal claims pursuant to 42 U.S.C. § 1983.

3.

As to Claim I -

**COMPLAINT:** Plaintiff was celled in cell for a week or two weeks without any disciplinary write up or hearing with no shower or being able to walk.

**ANSWER:** Deny.

**COMPLAINT:** When asked why Plaintiff could not walk, Defendants Deputy Polk, Deputy Reid, Deputy Lovejoy, Sergeant Taylor and Sergeant Fertnaly (sic FERNLEY) all ran in Plaintiff's cell.

**ANSWER:** Admit there was a use of force event on July 27, 2022 but otherwise deny.

**COMPLAINT:** Sergeant Fertnaly (sic FERNLEY) twisted feet and ankle with physical brutality and excessive force.

**ANSWER:** Admit that Sergeant Fernley manipulated Plaintiff's force during a use of force event that took place on July 27, 2022 but deny that it was not reasonable under the circumstances.

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
         COMPLAINT

**COMPLAINT:** My whole right side, my neck, my shoulder is in severe pain, and fingers go numb. My spine is in severe pain from retaliation and discrimination because I am an African American woman.

**ANSWER:** Without sufficient information to admit or deny whether Plaintiff felt pain but otherwise deny allegations of discrimination.

**COMPLAINT:** Plaintiff was then placed in segregation without disciplinary hearing or write up and was again not able to walk, or shower, or use phone calls.

**ANSWER:** Admit that Plaintiff was placed on disciplinary status but otherwise deny.

**COMPLAINT:** Plaintiff was locked in for about another week in excruciating pain.

**ANSWER:** Without sufficient information to admit or deny whether Plaintiff was feeling pain but otherwise deny.

**COMPLAINT:** Plaintiff asked Deputy Mechanics (sic, MEHMEDOVIC) for the nurse.

**ANSWER:** Without sufficient information to admit or deny.

**COMPLAINT:** When nurse came Deputy Mechanics (sic, MEHMEDOVIC) pulled Taser on Plaintiff because Plaintiff asked when can Plaintiff walk and take a shower.

**ANSWER:** Unable to determine who Deputy Mechanics (sic, MEHMEDOVIC) is but otherwise deny.

**COMPLAINT:** Then Sergeant Fertnaly (sic FERNLEY), Sergeant , (sic, SACIROVIC) Deputy Lopaz (sic), John Doe, placed physical brutality and excessive force on Plaintiff and put Plaintiff in chain.

**ANSWER:** Admit that there was a use of force on July 27, 2022 and that Plaintiff was restrained but otherwise deny.

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMPLAINT:** Sergeant Fernley took Plaintiff's feet and twisted it so hard he busted blood vessels.

**ANSWER:** Admit that Sergeant Fernley manipulated Plaintiff's foot during a force event on July 27, 2022 but otherwise deny.

**COMPLAINT:** I have permanent bruises.

**ANSWER:** Without sufficient information to admit or deny.

**COMPLAINT:** Then Deputy Lopaz (sic, LOPEZ?) and Sergeant Sarkiroivnch (sic SACIROVIC) placed a chain around my shoulder and arm and snatched and pulled it back to the ceiling to where it felt like something ripped.

**ANSWER:** Admit Plaintiff was restrained during a force event on July 27, 2022 but otherwise deny.

**COMPLAINT:** Then a John Doe placed a bag on my head and they took me to another segregation in the basement.

**ANSWER:** Deny.

**COMPLAINT:** Because of retaliation and discrimination I had physical brutality and cruel and unusual punishment placed on me because I am a black African American women.

**ANSWER:** Deny.

4.

As to Claim II -

**COMPLAINT:** Plaintiff was placed on disciplinary status more than several times, without being given a hearing.

**ANSWER:** Admit Plaintiff was placed on disciplinary status but otherwise deny.

**COMPLAINT:** When given a hearing for asking when I was going to walk days were added that was not supposed to be added in a 6 month period Plaintiff walked a period of 30 hours.

**ANSWER**: Deny.

**COMPLAINT:** By Counsel Drake causing a pulmonary embolism from the physical brutality and cruel and unusual punishment because of discrimination and bias of being an African American Women.

**ANSWER:** Deny.

5.

As to Claim III -

**COMPLAINT:** Visitor Deputies, Jane Doe, John Doe has shown deliberate indifference by relative measures by not letting me have access to visits with my family in person and on video visit.

**ANSWER:** Deny.

**COMPLAINT:** Deputy Jones even went as far as not letting me call home and again restricting video visits and in person visits in a time of death in my family.

**ANSWER:** Deny.

**COMPLAINT:** I haven't had a visit in a year in a half being bias and discrimination towards me because I am a black African American woman.

**ANSWER:** Deny.

**COMPLAINT:** Multnomah County Health Department Corrections Health failed to treat Plaintiff with medical care after deputies exerted physical brutality and excess force when there

was a clear sign of bruises on Plaintiff's body and legs being swollen from lack of movement and exercising resulting in Plaintiff doing ADL's.

**ANSWER:** Deny.

**COMPLAINT:** Basic necessities of Life and Limited use of arm, shoulder, and hand with tingling and numbness of hand, and loss of range of motion and cervical neck pain.

**ANSWER:** Without sufficient information to admit or deny Plaintiff's pain.

**COMPLAINT:** Exerting cruel and unusual punishment and medical care and being racially discriminatory, Plaintiff received pulmonary embolism by failing to get plaintiff to medical treatment that was deliberate indifference and discrimination.

**ANSWER:** Deny.

6.

As Exhaustion of Administrative Remedies:

**COMPLAINT:** Plaintiff checked the box "Yes" that claims were filed through the administrative process.

**ANSWER:** Deny.

7.

As to the relief requested –

**COMPLAINT:** Plaintiff has suffered physical, mental, and emotional stress, fear, humiliation, anguish, degradation and pain and suffering. Plaintiff is seeking 7.5 million in damages.

**ANSWER:** Deny.

/// /// ///

/// /// ///

Page 6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:

8.

### FIRST AFFIRMATIVE DEFENSE
### (Qualified Immunity for Individual Defendants)

Qualified immunity immunizes the individually named Defendants in this case from liability because there was no underlying conduct that violated the constitution and no clearly established case law that would place Defendants on notice that the allegations in this case are unconstitutional.

9.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies Under PLRA)

Under the Prison Litigation Reform Act ("PLRA"), Plaintiff is required to exhaust all administrative remedies as a prerequisite to initiating a lawsuit. Plaintiff in this case failed to exhaust the administrative remedies as it relates to the allegations in the Complaint.

10.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State Claim for Emotional Injury)

The Prison Litigation Reform Act ("PLRA") bars a prisoner's action for compensatory damages based upon mental or emotional injury suffered while in custody if the "physical injury" is *de minimis.* 42 U.S.C.A. § 1997e(e).

/// /// ///

/// /// ///

/// /// ///

11.

## FOURTH AFFIRMATIVE DEFENSE
### (Oregon Tort Claims Act Limits on Damages)

The Oregon Tort Claims Act ("OTCA") is the exclusive remedy for any tort including negligence. The OTCA provides limitations on monetary damages for personal injury as provided under ORS 30.272 that apply to this case with regard to any state law claims. In this case there is a single limit as to damages to the extent there is a continuing tort.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully pray for the following:

1. That Judgment enter in Defendants favor and the matter be dismissed with prejudice;

2. That Defendants be granted its costs and recoverable attorney's fees; and

3. That the Court grant Defendants such relief as appropriate in equity and in law.

DATED this 30th day of October, 2023.

    Respectfully submitted,

    JENNY M. MADKOUR, COUNTY ATTORNEY
    FOR MULTNOMAH COUNTY, OREGON

    **/s/ Christopher A. Gilmore**

    Christopher A. Gilmore, OSB No. 980570
    Senior Assistant County Attorney
      *Of Attorneys for Defendants Justice Center*
      *Multnomah County Jail, Deputy Plock, Deputy Reid,*
      *Sgt. Taylor, Sgt. Fernley, Sgt. Sacirovic, Counselor*
      *Drake, Multnomah County Health Department*
      *and Deputy Jones*

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that October 30, 2023, I served the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on:

Tera Ann Harris
SWIS No. 89602
Multnomah County Detention Center
1120 SW Third Ave
Portland Oregon, 97204

by the following method or methods as indicated:

☒ by mailing to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

☐ by causing a true copy thereof to be hand delivered to said person(s) at the last known address for said person(s) as shown above, on the date set forth above.

☐ by mailing via certified mail, return receipt requested, to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

☐ by facsimile to said person(s) a true copy thereof at the facsimile number shown above, which is the last known facsimile number for said person(s) on the date set forth above. A copy of the confirmation report is attached hereto.

☐ by emailing to said person(s) a true copy thereof at the email address shown above, which is the last known email address for said person(s) on the date set forth above.

/s/ Ona Davis
_____
Ona Davis
Paralegal to Christopher A. Gilmore